Kenneth Oldman appeals from a judgment of the common pleas court classifying him as a sexual predator in accordance with the provisions of R.C. 2950.09 (C), questioning the constitutionality of the sexual predator law and the adequacy of the trial court's hearing held prior to making the sexual predator determination. After a careful review of these issues, we affirm the judgment of the court.
The facts of the case reveal that sometime in December 1995, Oldman, a.k.a. Kriss McAdams, a 49-year-old female impersonator, resided for a time in a home located at 15312 Parkgrove Avenue in Cleveland occupied by Frances Desantis, her daughter, Rose Ventresca, and Desantis' two grandchildren, Shannon, age six, and Richard, age five. He claims he had been asked there by Rose to help her install windows in the home.
One afternoon in December, Shannon became upset and refused to leave the house with Oldman and her mother who had planned to take her with them. Shannon remained at home with her grandmother and later confided to her that Oldman had placed his hand in her pants and began rubbing her vagina asking, "Does this feel good?" She also reported that he put his finger into her private part. Richard also told his grandmother that Oldman grabbed his penis on the outside of his pants asking him the same thing. On January 5, 1996, Desantis reported these incidents to the police.
Following an investigation and an arrest, the grand jury indicted Oldman on two counts of gross sexual imposition and one count of felonious sexual imposition. Subsequently, he pled to one count of gross sexual imposition, a third degree felony, and one count of simple gross sexual imposition, a fourth degree felony, and the court sentenced him to consecutive terms of two years and one and one-half years.
While incarcerated, Oldman became aware of a H.B. 180 proceeding pending against him and, on July 10, 1997, filed a motion to dismiss it, which the court later denied. Thereafter, Oldman requested, and the court granted, a psychiatric evaluation at the State's expense. Dr. Sandra McPherson conducted that evaluation and produced a written report of her findings.
On May 12, 1998 in accordance with R.C. 2950.09 (C), the court conducted a sexual predator hearing. The prosecutor submitted three exhibits to the court: the report of clinical psychologist, Dr. Sandra McPherson, which Oldman had requested and which contained diagnoses of pedophilia and depression disorder; the report of West Side Community Mental Health Center; and the presentence investigation report which contained Oldman's prior criminal record and his admission of depression for which he takes medication. The transcript of the hearing reflects that the prosecutor reminded the court that Oldman's criminal record included a 1993 conviction for gross sexual imposition involving a minor child in Case No. 298054 and reveals he argued that Oldman displayed a pattern of predatory behavior involving children.
During the hearing, Oldman's counsel argued the exhibits were hearsay in violation of the rules of evidence, the sexual predator statute constituted retroactive legislation, and the State did not provide the court with clear and convincing evidence that Oldman was likely to re-offend in the future.
At the conclusion of the hearing, the court stated:
 * * * to the contrary he is currently incarcerated for a sex offense.
 And the evidences is, I find, clear and convincing that he is likely to engage in the future in one or more sexually oriented offenses. Therefore, I do adjudicate him to be a sexual predator.
The court then classified Oldman as a sexual predator. He now appeals and presents eight assignments of error for our review.
We shall first consider Oldman's first, third, and fourth assignments of error which state:
I.
 THE POWERS OF THE SUPREME COURT OF OHIO UNDER THE OHIO CONSTITUTION, ARTICLE IV, SECTION 5 (B) GRANTS THE COURT THE POWER TO SET PRACTICE AND PROCEDURE, THEREFORE, ANY STATUTE OR LAW WHICH ABRIDGES OR MODIFIES SUBSTANTIVE RIGHTS UNDER BOTH THE UNITED STATES AND OHIO CONSTITUTION, SUCH STATUTE OR LAWS IN CONFLICT WITH SUCH RULES SHALL BE OF NO FURTHER FORCE OR EFFECT, THUS THE FINDING BY THE TRIAL COURT THAT OLDMAN WAS A SEXUAL PREDATOR IS AN ERROR.
III.
 APPELLANT'S CONVICTION UNDER THE SEXUAL PREDATOR LAW IS UNCONSTITUTIONAL AS IT VIOLATED EX POST FACTO LAWS IN VIOLATION OF ARTICLE II, SECTION 28, OF THE OHIO CONSTITUTION.
IV.
 APPELLANT'S CONVICTION UNDER HOUSE BILL 180 IS RETROACTIVE AND IMPOSES INCREASED PUNITIVE CONSEQUENCES.
Oldman argues that he has been subjected to registration and notification requirements of H.B. 180 which were not available in law at the time he committed his offenses and, therefore, this legislation is retroactive as applied to him and void as a prohibition of the ex post facto laws. These same issues have been decided in State v. Cook (1998), 83 Ohio St.3d 404. The syllabus there reads:
 1. R.C. 2950.09 (B) (1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II
of the Ohio Constitution.
 2. R.C. 2950.09 (B) (1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I
of the United States Constitution.
Accordingly, these assignments of error are overruled.
Next we shall address assignments of error two, five, six, seven, and eight which state:
II.
 ERROR OCCURRED WHEN APPELLANT'S SUBSTANTIAL RIGHTS TO CONFRONT WITNESSES WAS DENIED UPON THE COURT'S HOLDING THE SEXUAL PREDATOR HEARING WAS A SPECIAL PROCEEDING NOT ENTITLED TO BE CONDUCTED ACCORDING TO THE RULES OF EVIDENCE.
V.
 THE SEXUAL PREDATOR STATUTE CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT WITH ITS REQUIREMENTS OF REGISTRATION AND NOTIFICATION IN VIOLATION OF APPELLANT'S 8TH AMENDMENT RIGHTS.
VI.
 OHIO'S SEXUAL PREDATOR LAW VIOLATES A CONSTITUTIONAL RIGHT TO PRIVACY GUARANTEES FOUND IN THE FIRST, THIRD, FOURTH, FIFTH AND NINTH AMENDMENTS.
VII.
 HOUSE BILL 180 VIOLATES A CONSTITUTIONAL RIGHT TO EQUAL PROTECTION OF THE LAW AS GUARANTEED BY THE 14th AMENDMENT TO THE UNITED STATES CONSTITUTION.
VIII.
 HOUSE BILL 180 VIOLATES THE DOUBLE JEOPARDY CLAUSE AS PROHIBITED BY THE 5TH AND 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
These concern issues which have been decided by a panel of our court in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, in conformity with that opinion, we reject those contentions and overrule those assignments of error.
Further, regarding the use of the presentence investigation report and the reports from Dr. McPherson and the West Side Community Mental Health Center, we recognize the court stated inCook, supra, at 425:
A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. A determination hearing does not occur until after the offender has been convicted of the underlying offense. Further, the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold that the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. Thus, reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge.
At the classification hearing, the court determined Oldman to be a sexual predator. R.C. 2950.01 defines the term "sexual predator":
 (E) "Sexual predator" means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09 (B) (2) provides in relevant part:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09 (B) (3) provides the court is to then determine whether the offender is a sexual predator by clear and convincing evidence.
In this case, the trial court determined by clear and convincing evidence that Oldman is likely to engage in the future in one or more sexually oriented offenses.
After completing our review of the record, we note that Oldman is a 49-year-old female impersonator, that his criminal record includes a prior conviction for gross sexual imposition in 1993 involving a minor child, that the victims here were five and six at the time of the incidents, that these offenses involved multiple victims, that the prosecutor argues Oldman's conduct demonstrated a pattern of predatory behavior involving children, and that Dr. McPherson diagnosed Oldman with pedophilia and depression disorder.
After comparing the statutory factors with the evidence contained in the record in this case, we have concluded that the court correctly classified Oldman as a sexual predator.
Judgment affirmed.
It is ordered that appellee recover of appellant costs its herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., and KENNETH A. ROCCO, J., CONCUR
 ____________________________________ PRESIDING JUDGE TERRENCE O'DONNELL